UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSUE GONZALEZ,

                            Plaintiff,

            v.                                                    9:22-CV-1214
                                                                  (GTS/ML)

CITY OF KINGSTON POLICE DEPARTMENT, et al.,

                            Defendants.

_____

APPEARANCES:

JOSUE GONZALEZ
Plaintiff, pro se
29480
Ulster County Jail
380 Boulevard
Kingston, NY 12401

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

I.     **INTRODUCTION**

        Pro se plaintiff Josue Gonzalez ("plaintiff") commenced this action by filing a civil

rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request to proceed in

forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision

and Order filed February 9, 2023 (the "February Order"), the Court dismissed the complaint

pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, for failure to state a claim upon

which relief could be granted.  Dkt. No. 9.  The Court concluded:

                    plaintiff's complaint and the annexed exhibits, contain rambling
                    allegations, which may or may not be related, and fail to plead

> any legal basis for the action. *See Harper v. New York Child Welfare Com'rs,* No. 12-CV-646 (NAM/DEP), 2012 WL 3115975, at *7 (N.D.N.Y. May 14, 2012) (reasoning that the plaintiff's actual complaint consisted of no more than unsupported legal conclusions and an outline of legal theories, and thus, was "patently insufficient to state plausible civil rights violations"). The Court recognizes that plaintiff is proceeding pro se and that this requires the Court to treat his pleadings with a certain degree of liberality; despite this, plaintiff's conclusory allegations are wholly insufficient to state a plausible claim.

Dkt. No. 9 at 8-9.

In light of his pro se status, plaintiff was afforded an opportunity to amend his complaint. Dkt. No. 9 at 10. Plaintiff's amended complaint is now before the Court for review. Dkt. No. 12 ("Am. Compl.").[1]

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT[2]

With the amended complaint, plaintiff identifies sixteen new defendants including Judges from Ulster County, the City of Kingston, and Town of Ulster, the Ulster County District Attorney and Assistant District Attorney, Donald J. Trump, police officers, and correctional officers. *See* Am. Compl. at 1-5.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the February Order. The amended complaint, like the original pleading, contains largely incoherent, rambling and disjointed statements in contravention of Fed. R. Civ. P. 8(a) (2), which requires that the amended complaint contain

---

[1]   On March 20, 2023, plaintiff filed a supplement to his amended complaint. Dkt. No. 13. The Clerk of the Court is directed to attach a copy of the submission at Dkt. No. 13 to the amended complaint (Dkt. No. 12). This shall constitute the entire operative pleading.

[2]   The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February Order and will not be restated here. *See* Dkt. No. 9 at 3-5.

a short and plain statement of the claim.  The pleading contains no request for relief, no cause of action, and no alleged facts which plausibly suggests that plaintiff is entitled to relief.  As a result, and for the reasons set forth herein and in the February Order, this action is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in the February Order, have not been cured with the amended complaint.  Accordingly, the Court finds that any further amendment would be futile.

3

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 12) is **DISMISSED** in accordance

with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by

in accordance with the Local Rules of Practice.


Dated: April 11, 2023
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

4